STATE on the relation of JOHN P. RASCOE *v.* S. B. HYMAN, W. H. SHIELDS, S. B. HYMAN, Ex'r. of JOHN H. HYMAN and others.

Where one of two administrators, takes exclusive possession of the effects of their intestate, and in his administration thereof, commits a *devastavit,* his co-administrator will be responsible therefor, on their official bond, although no assets ever came into his hands.

CIVIL ACTION, on the bond of an administrator, tried at the Special (December) Term, 1874, of HALIFAX Superior Court, before his Honor, *Judge Henry,* upon complaint and demurrer.

In his complaint, the plaintiff alleges, that in 1860, one A. M. Riddick died intestate, and at February Term, 1861, of the Court of Pleas and Quarter Sessions of Halifax county, the defendant S. B. Hyman, and John H. Hyman, deceased, and the testator of the said S. B. Hyman, duly qualified as his administrators, entering into bond with the defendant Shields and others as his sureties. That the intestate, Riddick, in 1851, executed a bond payable to the plaintiff, with sureties, in the sum cf $832.43, with interest, which interest has been paid up to 1861.

John H. Hyman died in 1868, leaving a will, and the defendant, S. B. Hyman, qualified as his executor.

At Fall Term, 1869, the plaintiff sued S. B. Hyman as surviving administrator of the said A. M. Riddick, for the recovery of the balance due on the said bond; and S. B. Hyman,

the defendant in that suit, alleged in his defence, that his co-administrator, John H. Hyman, his testator also, immediately after their qualification as administrators upon the said Riddick's estate, " took exclusive possession of the effects of their intestate, and had the sole management thereof, until his death in July, 1868; and that he has not had at the time of the commencement of this action, or at any time since, or ever had in his possession, any goods or chattels, which were of said A. M. Riddick at the time of his death to be adminis tered." At Spring Term, 1871, the plaintiff recovered judgment *quando* against the said surviving administrator, on his bond, for $1,341.87, with interest, &c.

The plaintiff further alleges in his complaint, that the defence set up by S. B. Hyman in that first suit, was true ; and that a large sum of money came into the hands of John H. Hyman, as one of the administrators of the said A. M. Riddick, of which, the sum of $6,000 he never disbursed, but converted to his own use. Wherefore he demands judgment, &c.

The defendants demurred upon the ground :

That the complaint does not state facts sufficient to constitute a cause of action. In this,

1. That the relator of the plaintiff did not have leave of the Judge of the Court to bring his action.

2. The relator is estopped by his judgment of assets *quando*, from recovering any assets which were received by John H. Hyman.

3. That since plea pleaded, and the recovery of judgment in the first suit, it does not appear that the defendant, S. B. Hyman, has received any assets of his intestate, to be administered.

4. The defendant, S. B. Hyman, is not fixed with any assets of his intestate, which have come to his hands to be administered, since plea pleaded and the rendition of said judgment.

On the hearing, his Honor sustained the demurrer, and dismissed the action. From this judgment, plaintiff appealed.

*Walter Clark,* for appellant.
*Hill,* contra.

SETTLE, J. Admitting that the defendant, S. B. Hyman, cannot be held responsible in his character as surviving administrator of A. M. Riddick for the reason that no assets of the intestate came to his hands; and further, that he cannot be held responsible in his character of executor of his co-administrator, John H. Hyman, for the reason that no assets of the intestate were in the hands of J. H. Hyman at the time of his death, he having wasted the same, yet there is no reason why he should not be held responsible as an obligor on the administration bond for the *devastavit* committed by J. H. Hyman just as any other obligor on that bond would be responsible. The breach of the bond complained of in this action, is the *devastavit* committed by J. H. Hyman. Why are not all the obligors on the bond responsible for the breach? The plaintiff is not precluded from suing S. B. Hyman on the bond, by the fact that in a former suit against him as surviving administrator of Riddick, he had taken a judgment *quando.* This judgment admits that no assets of Riddick had come to the hands of S. B. Hyman at that time, but it does not admit that none had come to the hands of John H. Hyman, and therefore in the first action a judgment *quando* was the only one that could have been properly rendered. The demurrer should have been overruled.

Judgment reversed, and case remanded to be proceeded in according to law.

PER CURIAM.                                   Judgment reversed.